United States Bankruptcy Court
Middle District of Florida
Tampa Division

In re:                                                                Case No. 8:13-bk-05850-MGW
                                                                             Chapter 13
Althea Smith England,

    Debtor.
_____/

# MEMORANDUM OPINION AND
# ORDER STRIKING BANKRUPTCY PETITION

Under Bankruptcy Code § 109(h)(1), an individual is not eligible for bankruptcy unless he or she received the approved credit counseling within 180 days before filing their bankruptcy petition.[1] Here, there is no question that the Debtor did not receive the required credit counseling within 180 days before filing this case. And this Court recently denied her motion to extend the time for completing the credit counseling because she could not demonstrate that exigent circumstances prevented her fulfilling requirement in the first place.

The question the Court must now decide is whether to grant the Chapter 13 Trustee's request to dismiss this case in light of the Debtor's failure to satisfy the § 109 credit counseling requirement. Under Bankruptcy Code § 301, only a debtor can commence a bankruptcy case. An individual who fails to receive the required credit counseling is ineligible to be a debtor. Since the Debtor here did not receive the required credit counseling, she was never eligible to commence this case, and as a consequence, there is no case to dismiss. Instead, the Debtor's petition should be stricken.

---

[1] 11 U.S.C. § 109(h)(1).

**Background**

The Debtor co-owns real property located at 2812 North 27th Street, Tampa, Florida, with Ramon Wooten.[2] According to the Debtor, a gentleman named Joseph Dallas devised that property to her and Mr. Wooten when he died in 1994.[3] The Debtor began paying property taxes after taking title to the property in 1994.[4] It appears, however, that the Debtor stopped paying property taxes in 2005.[5] And a tax deed auction and foreclosure sale was scheduled for May 2, 2013.[6]

So the Debtor filed this chapter 13 case on May 1, 2013.[7] This is actually the Debtor's fifth bankruptcy case. She previously filed for chapter 13 relief twice in 2006, once in 2007, and once in 2008.[8] Like each of the previous four cases, the filings in this case were deficient. In particular, the Debtor failed to file schedules A and E, her statement of financial affairs, her statement of current monthly income, and her proposed chapter 13 plan.[9] More importantly, the Debtor failed to file a certificate reflecting that she completed the required credit counseling.

Instead, she filed a motion seeking to extend the time to complete her credit counseling.[10] Bankruptcy Code § 109 does allow the Court to extend the time for completing credit counseling

---

[2] Doc. No. 15, Schedule A.

[3] Doc. No. 7 at ¶ 2.

[4] *Id.* at ¶ 4.

[5] *Id.*

[6] Doc. No. 7 at ¶ 1.

[7] Doc. No. 1.

[8] The previous cases are Case Nos. 8:06-bk-01932-MGW; 8:06-bk-03280-MGW; 8:07-bk-00939-MGW; and 8:08-bk-04377-MGW.

[9] Doc. Nos. 1 & 6.

[10] Doc. No. 7.

where exigent circumstances exist. But the Court concluded that exigent circumstances did not exist in this case because the Debtor had known about the pending foreclosure and tax deed auction for years.[11] Accordingly, the Court denied the Debtor's motion to extend the time for completing credit counseling; however, the Court left open the consequence of the Debtor's noncompliance with the credit counseling requirement since that issue was not before it.[12]

The Chapter 13 Trustee has now raised that issue by moving to dismiss this case.[13] In his motion to dismiss, the Chapter 13 Trustee asserts two bases for dismissal: (i) the Debtor filed this case in bad faith; and (ii) the Debtor's failure to comply with the credit counseling requirement.[14] The Court need not address the first issue raised by the Chapter 13 Trustee because the second issue (i.e., whether failure to receive credit counseling warrants dismissal) is dispositive.

### Conclusions of Law

On that issue, this Court agrees with Judge Briskman's well-reasoned analysis in *In re Carey*.[15] The Court in that case faced the exact same issue this Court faces here. There, like here, the debtors filed for bankruptcy without first receiving the required credit counseling. Although there, unlike in this case, exigent circumstances existed for not obtaining credit counseling before filing. The debtors in that case, however, failed to timely request a waiver of the credit counseling requirement. So the court concluded that the Debtors failed to satisfy the requirements of § 109(h), forcing the court to then consider the consequence of noncompliance.

---

[11] Doc. No. 25; *In re England*, 2013 WL 2467789, at *2 (Bankr. M.D. Fla. Jun. 10, 2013).

[12] *Id.* at 4-5.

[13] Doc. No. 26.

[14] *Id.* at 1-2.

[15] 341 B.R. 798 (Bankr. M.D. Fla. 2006).

The starting point for the court's analysis was § 109(h).[16] That section provides that an individual is "ineligible" for bankruptcy if he or she fails to receive the required credit counseling. But the court observed that § 109 itself was silent as to the consequence of that ineligibility.[17] And, at the time, there was very little guidance for courts considering that issue since the credit counseling requirement was relatively new (having been enacted as part of BAPCPA a year earlier).[18] In particular, the legislative history was silent as to Congress' intent with respect to a debtor's failure to receive the required credit counseling, and neither the Supreme Court nor the Eleventh Circuit Court of Appeals (nor any other circuit court of appeals) had considered what the appropriate consequence was for noncompliance.[19]

Absent any binding authority, the court turned to Bankruptcy Code § 301.[20] Section 301 says that a bankruptcy case is commenced when a debtor files a petition:

> A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.[21]

As Judge Briskman pointed out, an individual who fails to receive credit counseling is ineligible to be a debtor.[22] So that individual could not commence a bankruptcy case. And because no case was ever commenced, there is no case to dismiss. Given all of that, the court concluded that it

---

[16] *Id.* at 803-04.

[17] *Id.* at 804.

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] 11 U.S.C. § 301(a).

[22] 341 B.R. at 804.

was appropriate to strike the debtor's petition.[23] This Court agrees that is the appropriate remedy here.

## Conclusion

Because the Debtor never received credit counseling, she was never eligible to commence a bankruptcy case, and as a consequence, there is no bankruptcy case to dismiss. The appropriate remedy is for the Court to strike the Debtor's petition. Accordingly, it is

**ORDERED**:

1. Because the Debtor is ineligible for bankruptcy, her chapter 13 petition is hereby STRICKEN.

2. The Chapter 13 Trustee's Motion to Dismiss is DENIED as moot.

3. The Clerk of Court is hereby directed to close this case.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on September 27, 2013

_____
Michael G. Williamson
United States Bankruptcy Judge

Copies to be provided by CM/ECF service.

---

[23] *Id.*